# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | |
| William Robert Bauman, | NO. 13-34715 |
| Debtor | Chapter 13 |
| | Honorable Judge Donald R. Cassling |

## NOTICE OF MOTION

TO:   Glenn B. Stearns, Chapter 13 Trustee (via ECF)
    Fifth Third Mortgage Company, P. Brian Moore, Senior Vice President, 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, OH 45263 (via Certified U.S. Mail)
    Fifth Third Mortgage Company c/o Pierce & Associates P.C. (via ECF)

PLEASE TAKE NOTICE that on January 9, 2014, at 9:30 AM, the undersigned will appear before the Honorable Donald R. Cassling at the Kane County Courthouse, located at 100 S. Third Street, Courtroom 240, Geneva, Illinois and will then and there present the attached **Debtor's Motion Pursuant to 11 U.S.C. §524 for Violations of the Discharge Injunction and Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt Against Fifth Third Mortgage Company**, at which time you may appear if you so choose.

## Certificate of Service

I, Mohammed O. Badwan, hereby certify that I caused a copy of this notice to be served, via ECF to Glenn B. Stearns (Chapter 13 Trustee) and Pierce & Associates, and via certified mail to Fifth Third Mortgage Company, ATTN: P. Brian Moore, Senior Vice President, and attached Motion upon the above parties on December 10, 2014, before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

             **BY:  /S/ MOHAMMED BADWAN**
              **SULAIMAN LAW GROUP, LTD.**
              COUNSEL FOR DEBTOR(S)
              900 JORIE BOULEVARD, SUITE 150
              OAK BROOK, IL 60523
              PHONE:  (630) 575-8181
              ATTORNEY NO: 6299011

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>William Robert Bauman,<br><br>Debtor | NO. 13-34715<br><br>Chapter 13<br><br>Honorable Judge Donald R. Cassling |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §524 FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AND FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT AGAINST FIFTH THIRD MORTGAGE COMPANY**

**NOW COMES**, WILLIAM ROBERT BAUMAN ("Debtor"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., bringing this Motion pursuant to 11 U.S.C. §524 for Violations of the Discharge Injunction and Fed. Bankr. P. 9020 Seeking Sanctions for Civil Contempt Against FIFTH THIRD MORTGAGE COMPANY ("Fifth Third") and in support thereof, stating:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 11 U.S.C. §§ 105, 524, and 28 U.S.C. §§ 157 and 1334. This proceeding arises out of and is related to the above-captioned Chapter 13 case under Title 11.

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

3. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409 whereby Fifth Third's post-petition actions toward Debtor for the collection of discharged debt occurred in this District.

#### PARTIES

4. William Robert Bauman was a Debtor under Chapter 13 of Title 11 of the United States Code in Case Number 13-34715 filed August 30, 2013, in the Northern District of Illinois.

5. At all times relevant to the action, Creditor Fifth Third is and was an Ohio corporation with its principal place of business in Cincinnati, Ohio. Fifth Third conducts and transacts business in the State of Illinois. Fifth Third is the principal subsidiary of the holding company Fifth Third Bancorp.

#### STATEMENT OF FACTS

6. On November 1, 2006, Debtor obtained a loan ("subject debt" or "subject loan") from Fifth Third secured by a mortgage on the property located at 157 West Greenfield Avenue, Lombard, IL 60148 ("subject property"). The subject loan was modified on January 1, 2011, by agreement between Debtor and Fifth Third. Debtor subsequently defaulted on the subject loan.

    a. **Debtor's Default and Fifth Third's Foreclosure Filing**

7. Debtor failed to make payments on the subject loan from about January 2013 through August 2013. Thereafter, Fifth Third declared him in default.

8. Based on Debtor's failure to make his January 2013 through August 2013 payments, Fifth Third filed a foreclosure complaint in the Circuit Court of DuPage County, *Fifth Third Mortgage Co. v. William Bauman, et al.*, Case No. 13 CH 2190, on July 24, 2013 ("foreclosure"). *See* Exhibit A attached hereto is a true copy of the Foreclosure Complaint without exhibits.

9. In paragraph 3(l) of the Foreclosure Complaint, Fifth Third alleged that Debtor defaulted on the subject loan in January 2013. *Id.* Based on the default, Fifth Third accelerated the entire balance of the subject loan in the amount of $727,383.16. *Id.* at ¶ 3(l).

    **b. Debtor's Chapter 13 Bankruptcy**

10. On August 30, 2013, after the foreclosure was filed, Debtor filed the instant Chapter 13 bankruptcy to cure all pre-petition defaults on the subject loan.

11. Fifth Third was duly disclosed on Schedule D of Debtor's bankruptcy petition as a secured creditor as a result of the mortgage encumbering the subject property. *See* Exhibit B attached hereto is a true copy of Schedule D of Debtor's bankruptcy petition.

12. Also on August 30, 2013, Debtor filed his Original Chapter 13 Plan ("Debtor's Plan") with the Bankruptcy Court. *See* Exhibit C attached hereto is a true copy of Debtor's Original Chapter 13 Plan filed with the Bankruptcy Court.

13. Debtor's Plan, in pertinent part, sought to cure the default as it relates to Fifth Third, in the amount of $29,501.00. *Id.*

14. On October 2, 2013, Fifth Third objected to Debtor's Original Plan, alleging that the default to Fifth Third was understated, and that a full cure would require the plan to provide $44,632.94 to Fifth Third.

15. On January 21, 2014, in response to Fifth Third's objection, Debtor filed a Modified Chapter 13 Plan ("Debtor's Modified Plan"). *See* Exhibit D attached hereto is a true copy of Debtor's Modified Chapter 13 Plan filed with the Bankruptcy Court.

16. Debtor's Modified Chapter 13 Plan included language in Section B, that if the Debtor cured the pre-petition defaults through his bankruptcy payments, "the mortgage will be reinstated according to the original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to filing of the petition." *Id.*

17. Debtor's Modified Chapter 13 Plan included language that Debtor would pay the mortgage arrears to Fifth Third by making payments to the trustee, and also resume making regular monthly payments to Fifth Third. *Id.*

18. Fifth Third did not object to its treatment in Debtor's Modified Chapter 13 Plan.

19. Consequently, Debtor's Modified Chapter 13 Plan was confirmed by the Honorable Judge Donald R. Cassling on January 24, 2014. *See* Exhibit E attached hereto is a true copy of the Confirmation Order entered by the Honorable Judge Donald R. Cassling.

    c. **Debtor's Full Performance on Terms of the Confirmed Modified Chapter 13 Plan**

20. Debtor made all of his payments as proposed in his confirmed Modified Chapter 13 Plan.[1]

21. On June 20, 2014, the bankruptcy trustee issued a Notice of Payment of Final Mortgage Cure Under Rule 3002.1(f) as it relates to Fifth Third. *See* Exhibit F attached hereto is a true copy of the Notice of Payment of Final Mortgage Cure.

22. Despite making a lump sum payment to the trustee to pay all payments required by his Modified Chapter 13 Plan, Debtor missed three (3) *regular post-petition* monthly mortgage payments to Fifth Third.

23. As a result, on June 26, 2014, Fifth Third filed a Response to Notice of Payment of Final Mortgage Cure, stating that "Debtor is due for the April 1, 2014 contractual payment and all those thereafter," and listed an itemization of amounts owed between April 2014 and June 2014. *See* Exhibit G attached hereto is a true copy of the Fifth Third's Response to Notice of Payment of Final Mortgage Cure.

24. The amounts listed in Fifth Third's Response to the Final Mortgage Cure payment were a post-petition default. *Id.*

---

[1] Debtor's Confirmed Plan was a 60 month plan. However, Debtor paid off his confirmed plan with proceeds from an employment cause of action well in advance of the 60 months proposed in his Confirmed Plan.

25. On July 11, 2014, the trustee filed a Notice of Completion of Plan Payments. *See* Docket Entry 73.

26. On August 6, 2014, the Honorable Judge Donald R. Cassling entered an Order of Discharge in Debtor's case. *See* Exhibit H attached hereto is a true and correct copy of the Order of Discharge.

### d. Fifth Third's Continued Efforts to Collect Paid Pre-Petition Arrears

27. Despite receiving full payment on its pre-petition arrears claim, Fifth Third sought to collect the pre-petition default again in the underlying foreclosure case.

28. Specifically, on November 6, 2014, Fifth Third filed a motion for default judgment in the foreclosure, seeking pre-petition defaults including, "Interest on the Note and Mortgage from 12/01/12 to 08/27/13: $12,076.53." *See* Exhibit I attached hereto is a true copy of the motion for default judgment.

29. Hoping to cure the *post-petition* default, Debtor requested reinstatement figures to repay the amounts he had missed subsequent to his bankruptcy filing.

30. On October 2, 2014, Fifth Third, by and through its attorneys, Pierce and Associates ("Pierce"), sent Debtor reinstatement figures relating to the subject loan. *See* Exhibit J attached hereto is a true copy of the Reinstatement Quote.

31. The Reinstatement Quote seeks payment for "Escrow Due" in the amount of $9,704.66 that was paid by Debtor in his bankruptcy to satisfy Fifth Third's arrears claim. *Id.*

32. Fifth Third continues to seek payment of *pre-petition* arrears in its motion for default and reinstatement figures.

33. Debtor's attorneys have made repeated requests to Fifth Third and its attorneys, Pierce, to recognize Debtor's bankruptcy payments and allow Debtor to bring the loan current by paying

*only* the post-bankruptcy defaults. Fifth Third and Pierce have ignored, criticized, and refused to recognize Debtor's requests as valid, including his requests for accurate reinstatement figures.

34. Fifth Third is seeking to collect pre-petition debts from Debtor, that were paid through his Chapter 13 bankruptcy in violation of the discharge injunction.

### LEGAL STANDARD

35. "The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).

36. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

37. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

38. "The automatic stay and discharge injunction are cornerstones of bankruptcy law. They are, respectively, a fundamental debtor protection and a fundamental debtor objective. The automatic stay assists debtors in regaining their financial footing by allowing them to do so free from collection efforts. And, having successfully completed the bankruptcy process, discharge provides debtors with a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. But the automatic stay and discharge injunction must be enforced to provide any meaningful protection or incentive." *In re Curtis*, 322 B.R. 470, 483 (Bankr.D.Mass.2005).

39. Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's

conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so. *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987).

40. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

41. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill.1994).

## ARGUMENT

42. The Debtor satisfied all of Fifth Third's pre-petition claim through his bankruptcy proceeding.

43. The discharge order was issued on August 6, 2014, precluding Fifth Third from attempting to collect any amounts that arose prior to Debtor's bankruptcy filing.

44. Despite having notice and actual knowledge of the discharge order, Fifth Third failed to cease collection efforts as evidenced by the post-discharge continuation of a foreclosure seeking payment of a pre-petition default.

45. Fifth Third willfully violated the discharge order when it attempted to collect the discharged debt in the foreclosure case.

46. Fifth Third's actions in collecting on a satisfied pre-petition debt were deliberate, unlawful, and egregious in nature.

47. Fifth Third disregarded the rights afforded to Debtor by entry of the discharge order.

48. Notwithstanding Fifth Third's active participation in Debtor's bankruptcy, Fifth Third has knowingly violated Debtor's rights afforded by the discharge order.

49. Notwithstanding full payment per the terms of his confirmed Modified Chapter 13 Plan, Debtor has been deprived of the protections of 11 U.S.C. §524.

50. The onus of compliance with the procedures and protections afforded by the Bankruptcy Code is on the highly sophisticated creditor.

51. Fifth Third, as a highly sophisticated and experienced mortgage servicer, should have implemented procedures and trained their employees and agents to both discourage and prevent willful violations of the discharge order. However, the egregious conduct by Fifth Third and its attorneys, at Debtor's expense, establishes otherwise.

52. Upon information and belief, Fifth Third regularly and systematically engages in collection activity in direct violation of the discharge order.

53. This pattern and practice of routinely violating the discharge order in disregard of the Bankruptcy Code demonstrates egregious behavior in arrogant defiance of Federal Law.

### DAMAGES

54. Debtor has been forced to retain counsel to enforce his rights and has expended time consulting with his attorneys as a result of Fifth Third's actions.

55. Debtor has suffered from emotional distress, mental anguish, and anxiety as a direct result of Fifth Third's actions as he was led to believe that he would lose his family's residence if he failed to pay the pre-petition arrears already satisfied through his bankruptcy.

56. Fifth Third's own attorneys were aware that the foreclosure proceeding sought to collect a discharged debt, yet proceeded with the action.

57. The post-discharge collection attempts were blatant violations of the discharge order.

58. To protect its authority, and to give Debtor the relief that Congress contemplated, this Honorable Court should act promptly and firmly to stop conduct that violates the discharge injunction.

59. In order to protect the spirit of the discharge order as contemplated by Congress, this Court should impose civil contempt sanctions against Fifth Third for its brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees.

60. Debtor is entitled to actual damages, including attorneys' fees and costs for Fifth Third's willful violation of the discharge order.

61. Debtor is also entitled to punitive damages for Fifth Third's arrogant disregard of the Bankruptcy Code and its provisions.

62. The Court should award punitive damages to deter Fifth Third from future misconduct.

**WHEREFORE,** Debtor William Robert Bauman, having set forth his claims for relief against Fifth Third, respectfully prays of the Court as follows:

    a.    That this Honorable Court enter an order directing Fifth Third to pay a sum determined by the Court to Debtor for actual damages for violations of 11 U.S.C. §524;

    b.    That this Honorable Court enter an order directing Fifth Third to pay a sum determined by the Court to Debtor for punitive damages for violations of 11 U.S.C. §524;

    c.    That this Honorable Court enter an order directing Fifth Third to pay a sum determined by the Court to Debtor for all reasonable legal fees and expenses incurred by his attorneys for violations of 11 U.S.C. §524; and

    d.    That Debtor be provided such other and further relief as the Court may deem just and proper.

Dated: December 10, 2014                    Respectfully Submitted,

                                            /s/ Mara A. Baltabols
                                            /s/ Mohammed O. Badwan
                                            Mara A. Baltabols, Esq.
                                            Mohammed O. Badwan, Esq.
                                            *Counsel for Debtor*
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Blvd, Ste 150
                                            Oak Brook, IL 60523
                                            Phone: (630) 575-8181
                                            Fax: (630) 575-8188